IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY STEVEN AKRIGHT,

                                              ORDER

        Plaintiff,

                                              07-cv-00625-bbc

   v.

ROXANE CAPELLE, sued in
her individual capacity,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On December 3, 2007, I screened plaintiff Jeffrey Steven Akright's complaint under the in forma pauperis statute, 28 U.S.C. § 1915. In his complaint, plaintiff identified two claims against defendant Roxane Capelle. He was granted leave to proceed in forma pauperis on his first claim, that defendant retaliated against him for filing a grievance against her. I construed his second claim, which relates to defendant's refusal to notarize plaintiff's legal documents, as a claim for denial of access to the courts. Because plaintiff's complaint did not include allegations regarding elements of the claim, and was therefore insufficient to provide defendant with proper notice, I instructed plaintiff to file an addendum to his complaint no later than December 17, 2007.

1

Rather than filing an addendum, plaintiff responded to the December 3 order by filing a request to voluntarily dismiss his second claim.

ORDER

IT IS ORDERED that

1. Plaintiff Jeffrey Steven Akright's request to voluntarily withdraw his claim that defendant Roxane Capelle refused improperly to notarize his legal documents is GRANTED. This claim is DISMISSED from this action without prejudice.

2. For the remainder of this lawsuit, plaintiff must send defendant a copy of every paper or document that he files with the court. Once plaintiff has learned what lawyer will be representing defendant, he should serve the lawyer directly rather than defendant. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendant or to defendant's attorney.

3. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

4. The unpaid balance of plaintiff's filing fee is $348.20; plaintiff is obligated to pay this amount in monthly payments as described in 28 U.S.C. § 1915(b)(2).

5. Pursuant to an informal service agreement between the Attorney General and this

court, copies of plaintiff's original complaint, the court's December 3, 2007 screening order and this order are being sent today to the Attorney General for service on defendant.

Entered this 19th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3