IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY STEVEN AKRIGHT,

                     Plaintiff,                      ORDER

  v.

ROXANE CAPELLE,                                  07-cv-625-bbc
sued in her individual capacity,

                     Defendant.

---

      Before the court are plaintiff's two motions to compel discovery in this § 1983 prisoner lawsuit alleging that defendant unconstitutionally retaliated against plaintiff because he filed a grievance against her.  In his first motion (dkt. 18), plaintiff seeks to compel more complete answers to his requests for production of documents (RFPs) 1 and 3.  In his second motion (dkt. 21), plaintiff seeks to compel substantive answers to interrogatories 1 and 1a.  Defendant opposes both motions.  I am granting one part of the first motion, denying the remainder, and denying the second motion entirely.

      In RFP 1, plaintiff asked defendant: "Please produce all ICRS complaints . . . filed against you alleging: a. Retaliatory conduct; and b. harassment."  *See* attachment to plaintiff's declaration, dkt. 20.  The state responded that it would not produce other prisoners' complaints because they were confidential under state law.  In his motion, plaintiff indicated that what he really wanted was a generic chart summarizing the number of complaints, if any, when they were filed, and the outcomes.  Plaintiff points out that this court has ordered disclosure of such information in other prisoner lawsuits.  The state was within its rights to refuse to provide the

documents that plaintiff actually requested, that is, actual ICRS complaints because these complaints are confidential and plaintiff has no right to see them.

However, I will allow him to view a summary of any such complaints against defendant because this information would be relevant to proving defendant's *scienter*, an element of plaintiff's claim. If no such complaints ever have been filed against defendant, then the state must say so. If any such complaints have been filed, then the state must provide the number of complaints, the dates on which they were filed, whether the complaint was for retaliation or for harassment, and the resolution of the complaint. The state may have until June 19, 2008, within which to provide any responsive information to plaintiff.

In RFP 3, plaintiff asked for production of all documents regarding the investigation of his ICRS complaint No. SCI-2007-26516. The state provided documents that have two sets of Bates numbers on them. The set with the higher value and with numerical gaps is crossed out. Plaintiff suspects that this is a subterfuge to withhold some of the relevant documents; the state responds that plaintiff is paranoid: the documents were misnumbered at first so the numbers were corrected. The state avers that it has held nothing back. I believe the state. If state actors actually had intended to fool plaintiff and this court by re-number the documents, they would not have done so in such a clumsy and obvious fashion. The most logical explanation is that provided in the state's response. In any event, when a party tells this court that it has no more documents to produce, this court usually takes that party at its word. Since there are no additional documents for this court to order disclosed, I am denying this portion of defendant's motion.

In his second motion, plaintiff requests a substantive response to both parts of this interrogatory:

> Please identify the reason for staring in Akright's cell door window on December 28th, 2007. (As reference, Akright's cell is located in the Segregation building, B-Side, cell B-34, at that time. You, Sergeant Mason, and another DOC Employee were delivering legal paperwork (parole/probation) to another inmate on the cell tier where Akright's cell is located); and
>
> Please identify the reason for only looking into Akright's cell door window, on the way to the inmates' cell where you were delivering paperwork, and not looking into any other cell door window on your way down the cell tier.

Attachment to plaintiff's declaration, dkt. 23.

The state declined to answer on relevance grounds, followed by a rebuff of plaintiff's renewed request: "Paranoia is not the same thing as relevance. Alleged staring into your cell window four months after alleged retaliatory action is not relevant to your claim." State's response, dkt. 28, at 2. Relevance is just one of the problems with these requests. They also are argumentative and assume the existence of predicate facts that have not been established. If plaintiff wishes to burn through a sizeable chunk of his interrogatories in an attempt to establish his version of this encounter, he may try again (if he has enough interrogatories left even to attempt this exercise) but it would surprise the court if defendant had any recollection of this purported encounter, it would surprise the court even more if she were to agree with plaintiff's characterization of her acts, and in any event, absent an explicit admission that simply isn't coming (to the effect of "Yes, I stared at you because I was angry at you for filing a grievance and I was attempting to intimidate you"), this is an exercise in futility. The state need not provide any additional response to these two interrogatories.

ORDER

It is ORDERED that plaintiff's motion docketed as 18, is GRANTED IN PART and DENIED IN PART. The state may have until June 19, 2008 within which to provide the required information if any exists.

It is FURTHER ORDERED that plaintiff's motion docketed as 21 is DENIED.

Entered this 5th day of June, 2007.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge