IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY STEVEN AKRIGHT,

                                            OPINION and ORDER

          Plaintiff,

                                            07-cv-00625-bbc

    v.

ROXANE CAPELLE, sued in
her individual capacity,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, plaintiff Jeffrey Akright is contending that defendant Roxane Capelle, a records assistant and notary at plaintiff's prison, does not take kindly to prisoners who complain about her. Ten days after plaintiff complained to defendant's supervisor in a letter that defendant had refused to notarize a court document and three days after plaintiff filed a grievance in which he raised the same complaint, defendant reported to a sergeant at the prison that she had "discovered" that plaintiff was violating his judgment of conviction by using computers at the prison to conduct legal research. Although the restriction in the judgment was to apply to plaintiff only after he was released from prison, plaintiff lost access to computers for several weeks until other officials at the prison became

1

aware of the error. Plaintiff believes that defendant was angered by the complaints that he filed against her and made the false report as a way to get back at him.

In her motion for summary judgment, defendant assumes that plaintiff was exercising a constitutional right when he made the complaints, Hasan v. United States Dept. of Labor, 400 F.3d 1001, 1005 (7th Cir. 2005); Babcock v. White, 102 F.3d 267, 274 -75 (7th Cir. 1996), that a person of ordinary firmness would be deterred from exercising that right by defendant's actions, Pieczynski v. Duffy, 875 F.2d 1331, 1333 (7th Cir.1989), and that defendant may be held liable for any constitutional violation even though she did not have authority on her own to restrict plaintiff's computer access, Jones v. City of Chicago, 856 F.2d 985, 993-94 (7th Cir. 1988). She seeks judgment as a matter of law solely on the ground that she was motivated by concerns for "security" and not retaliatory animus when she reported plaintiff's alleged violation of the court order.

Defendant says that she came across plaintiff's judgment of conviction "inadvertently" while she was "record[ing] a minor conduct report" in plaintiff's "legal file," something that is part of her job responsibilities. Dft.'s PFOF, dkt. #30, at ¶12. She then "noticed" that the judgment included a restriction on using computers. However, she did not notice that the restriction was limited to plaintiff's extended supervision after his release from prison because she "only scanned this language." Id. at ¶ 14. Defendant "figured" that the restriction had gone unnoticed by other prison staff and that "someone should know

2

about this immediately." Id. at ¶ 17. She did not contact her immediate supervisor, Catrina Semanko, because Semanko was gone for the day and defendant "could not locate any other supervisory staff in the building," so she contacted a sergeant in the prison. Id. at ¶18. Later the same day, plaintiff received a notice from the sergeant that his computer account had been "disabled" because "the court has ordered that you have no contact with computers."

To defeat defendant's motion for summary judgment, plaintiff must show that a genuine issue of material fact exists on the central issue: whether defendant reported plaintiff's computer restriction because he made complaints about her. Mt. Healthy Board of Education v. Doyle, 429 U.S. 274, 287 (1977); Johnson v. Kingston, 292 F. Supp. 2d 1146, 1153-54 (W.D. Wis. 2003). A review of the record shows that plaintiff has satisfied this standard. In fact, plaintiff has adduced evidence putting into dispute virtually every relevant fact regarding defendant's version of the story.

**Defendant's reason for looking at plaintiff's legal file.** Defendant says she needed to open plaintiff's legal file to record a minor conduct report, but plaintiff denies that he had received such a report and defendant adduces no documentary evidence to show that he did. (In fact, defendant has submitted no documentary evidence or corroborating witness testimony; her affidavit is the sole piece of evidence she filed in support of her motion for summary judgment.) Further, plaintiff has adduced evidence that defendant has changed her story since this lawsuit began. He submitted an interview of defendant by her supervisor

3

in which defendant said nothing about looking at plaintiff's file to record a conduct report. Rather, she said that she was looking at plaintiff's file "[j]ust because he's him" and because she was "curious as to why he wasn't going to boot camp or something." Plt.'s Aff., exh. P, ¶11, dkt. #39. Defendant does not explain this discrepancy in her summary judgment materials.

**Defendant's explanation for finding the computer restriction.** The judgment of conviction itself calls into doubt plaintiff's explanation that she "inadvertently" saw the computer restriction in the judgment but did not notice that the judgment applied to extended supervision because she only "scanned" the document. The computer restriction was buried in the middle of several paragraphs of "comments" underneath the heading, "Conditions of Extended Supervision":

4

| Condition | Comments |
|---|---|
| Restitution | Pay restitution in the amount of $2,909.20 |
| Costs | Pay court costs including Department of Corrections supervision fees on a regular and timely basis. |
| Other fees | Defendant's attorney was court appointed and a wage assignment was put into effect and shall continue in effect until the Clerk of Court is reimbursed in full for attorney's fees and cost. In the event the defendant fails to pay his or her court appointed attorney fees as ordered, the Department of Corrections shall collect the outstanding balance from the defendant and reimburse the Walworth County Clerk of Courts Office during the defendant's probation term. |
| Psych treatment | Participate in Sexual Offender Treatment Program as recommended by Probation Agent. |
| Prohibitions | No contact with E.V.P. or her father, residence, place of employment or immediate family. No contact with E.G.P., her family, residence or place of employment. No contact with minors at all. Absolutely no use of computers at all. No contact with adult females until Probation Agent approves and adult females must be fully informed of his past by the Probation Agent. Not to possess any sexually explicit material including but not limited to Playboy Magazine or Maxim Magazine. |
| Other | Maintain compliance with Sex Offender Registry Program. Provide biological specimen to state crime lab for DNA analysis surcharge. Court orders defendant's computer hard drive be destructed as well as any other devices related to the computer. Defendant's grandparents are authorized to sell the computer. |

5

Thus, it seems unlikely that defendant would have noticed the restriction by simply "scanning" the judgment. It seems even more unlikely that defendant would have noticed such a small detail without noticing the more prominent heading of the document.

**Defendant's explanation for going outside her chain of command and contacting a prison sergeant immediately.** Defendant says that she reported her discovery to the sergeant rather than her immediate supervisor, Catrina Semanko, because Semanko was gone for the day, but the interview contradicts this fact as well. According to the interview, defendant gave two different answers for not taking the issue to her supervisor. First, she said that Semanko was "in interviews" and later said, "To be honest with you, I didn't trust [Semanko] enough to do anything with [the judgment. Semanko] told me to mind my own business with security issues and they have nothing to do with me." Plt.'s Aff., exh. P, ¶16, dkt. #39. The interview not only contradicts defendant's story, it also suggests that she knowingly disregarded her supervisor's instructions and went above her head on a matter that defendant had been told was outside her job. Even if the interview is disregarded, defendant has no explanation for the determination that her discovery required immediate attention. Her zeal in insuring that the matter be reported right away supports the drawing of an inference that she had an axe to grind.

Plaintiff does not have direct evidence that defendant acted in retaliation for his complaints against her, but the law does not require that. Gates v. Caterpillar, Inc., 513

6

F.3d 680, 686 (7th Cir. 2008). A reasonable jury could find that defendant acted with an unconstitutional motive from the close proximity between plaintiff's complaints and the alleged retaliation, Boumehdi v. Plastag Holdings, LLC, 489 F.3d 781, 793 (7th Cir. 2007), the evidence of defendant's shifting explanations, Pantoja v. American NTN Bearing Manufacturing Corp., 495 F.3d 840, 851 (7th Cir. 2007), the implausibility of some of those explanations, Duncan v. Fleetwood Motor Homes of Indiana, Inc., 518 F.3d 486, 492, (7th Cir. 2008), and the facts that plaintiff has put into dispute.

Defendant says that plaintiff's evidence is insufficient to require a trial for two reasons. First, she says that the interview is "inadmissible, unauthenticated hearsay." Dft.'s Reply Br., dkt. #46, at 4. Although she repeats this objection through her brief and proposed findings of fact, she never explains the basis for the objection and it does not appear to be well founded. With respect to authentication, plaintiff averred in his affidavit that the interview was produced by defendant in response to a discovery request for documents related to the investigation of his grievance. Plt.'s Aff., ¶20, dkt. #39; Dft.'s Resp. to Plt.'s First Interr. and Req. for Prod. of Docs., attached to Plt.'s Aff. dkt. #20. Defendant develops no argument why this is not "sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901. With respect to the hearsay objection, defendant fails to explain why the interview is not admissible as a record of regularly conducted activity under Fed. R. Evid. 803(6), and why the content of her

7

statements would not be admissible as an admission by a party opponent under Fed. R. Evid. 801(d)(2). Having failed to develop her argument, defendant cannot prevail on it. Estate of Moreland v. Dieter, 395 F.3d 747, 759 (7th Cir. 2005).

Defendant's second argument is that plaintiff has not adduced any evidence that she was aware that he had made complaints about her at the time she contacted the sergeant. Although defendant has not testified one way or the other whether she knew about plaintiff's complaints, a reasonable jury could conclude that she did. To begin with, it is undisputed that the inmate complaint examiner spoke with plaintiff in the context of investigating his grievance against defendant on August 22, 2007, the day before defendant contacted the sergeant. It does not require much of a leap to infer that defendant learned of plaintiff's complaints either from her supervisor, the grievance examiner or another source. In any event, it is reasonable to infer from the circumstantial evidence plaintiff adduced that it was defendant's dislike of him rather than any interest in security that motivated her to contact the sergeant. Because defendant has identified no other reason why she would harbor animus against plaintiff, a jury would be permitted to infer that she is lying to cover up an unconstitutional motive. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147-48 (2000).

8

ORDER

IT IS ORDERED that defendant Roxane Capelle's motion for summary judgment, dkt. #30, is DENIED.

Entered this 13th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge