IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY STEVEN AKRIGHT,

                                          ORDER

            Plaintiff,

                                        07-cv-0625-bbc

     v.

ROXANE CAPELLE, sued in
her individual capacity,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Jeffrey Steven Akright has filed two motions in this case in which he contends that defendant Roxane Capelle retaliated against him for filing a grievance against her. The first is a motion for appointment of counsel and the second is a motion for an extension of his legal loan limit. For the reasons stated below I will deny both motions.

This is the second time plaintiff has moved for appointment of counsel in this case. I denied his first motion in a May 12, 2008 order, in which I discussed the complexity of the case and plaintiff's ability to litigate it himself, Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). I concluded that the case was not particularly complex and that plaintiff had done an adequate job of representing himself. Nothing has occurred in the intervening four

1

months that changes those conclusions. Plaintiff's only new argument is that he has no funds to pay for expenses incurred in this litigation such as subpoena and deposition fees. Apparently, plaintiff assumes that if he had appointed counsel, his lawyer would pay these fees for him. However, it is this court's role to appoint counsel when the difficulty of the case exceeds the particular plaintiff's capacity to coherently present it to the judge or jury himself, Pruitt, 503 F.3d at 655, not when the plaintiff could coherently present the case but would prefer counsel as a funding mechanism for the litigation. Therefore I must deny plaintiff's motion for appointment of counsel.

Also, plaintiff has filed a motion for an extension of his legal loan limit, arguing that he needs extra funds for a variety of legal filings, including a motion to compel defendant to fully respond to this court's June 5, 2007 order requiring defendant to provide a summary of previous inmate complaints against defendant. Under Wis. Admin. Code § DOC 309.51, an inmate's "loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents." Whether plaintiff can convince prison officials to find extraordinary circumstances warranting an extension of this legal loan limit is not a matter in which this court will interfere. In Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003), the Court of Appeals for the Seventh Circuit held that the district courts in Wisconsin are under no obligation to order the state of Wisconsin to lend prisoners more money or paper than

2

they are authorized to receive under § DOC 309.51. Therefore plaintiff's motion for an extension of his legal loan limit will be denied. In any event, defendant points out that plaintiff has not indicated that he has made an application to his institution for an extension of his legal loan limit, so this may very well be a course of action plaintiff wishes to pursue. Otherwise, plaintiff must, like any other person on a tight budget, make careful choices about how he uses his legal loan resources.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED.

2. Plaintiff's motion for an extension of his legal loan limit is DENIED.

Entered this 12th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge